WHITLEY
*vs*
BRAMBLE.

---

## Whitley vs Bramble. ·

ERROR TO THE HARRISON CIRCUIT.

*Ejectment. Surveys. Forfeiture of lands.*

JUDGE SIMPSON delivered the opinion of the Court.

IN this action of ejectment, the lessor of the plaintiff, to show title to the land in contest, relied upon a patent in his own name, bearing date the 4th of December, 1845.

The plaintiff in error, who was the defendant in the

EJECTMENT.

*Case 45.*

*January* 17.

Statement of the case.

Court below, gave in evidence a copy of a plat and certificate of survey made in the name of Joseph Russell, dated the 23d of March, 1789, on a Virginia Land Office Treasury warrant, and having produced evidence conducing to prove that said survey included the land in his possession, moved the Court to instruct the jury, that if they believed from the evidence in the cause, that the survey made for Joseph Russell, embraced the land in contest, then the patent which issued to the plaintiff's lessor was void. The Court refused to give the instruction, and whether in this it committed an error, is the main question presented for the consideration of this Court.

The patent to the lessor of the plaintiff was obtained under the act of 1835, (3 *Stat. Law*, 386.) The fourth section of the act provides, that "any survey or patent made or issued under this act, which interferes with any survey or patent heretofore made or issued, shall be null and void."

It is contended, that under this act, no appropriation can be made of lands, which were surveyed under claims derived from the laws of Virginia, although they had been forfeited by a failure to return the plats and certificates of the surveys into the Register's Office, within the time limited by law.

To sustain this position, the act of 1811, (*Statute Law*, 915,) extending the time for returning plats and certificates of survey to the Register's Office, is relied on. The third section of that act declares that all entries, surveys and grants founded on any of the laws of this Commonwealth, so far as they interfere with surveys or grants made or issued under or by virtue of any law of Virginia, or any law of this Commonwealth, for extending the times of surveying the claims derived from the laws of Virginia, shall be void. And that no entry, survey or grant, made, surveyed or granted by virtue of any of the laws of this Commonwealth, shall vest any right or interest in the owner or owners thereof, to the lands included in such entry, survey or grant, where such entry, survey or grant has been made to interfere with any survey made previous to the 29th

day of November, one thousand seven hundred and ninety eight.

Under the Virginia land law, an entry which was not surveyed within the prescribed time, became void, and the land was liable to be again entered, by any person holding a land warrant. The act of 1797, (1 *Stat. Law*, 911,) was the last statute of Kentucky extending the time for making surveys under claims derived from the laws of Virginia. A failure to return a plat and certificate of the survey when made, to the proper office within the time limited by law, had a similar effect under the laws of Virginia; by such failure the right was forfeited and became void, and the land was subject to appropriation by other persons.

The Legislature of this State passed various acts extending the time for returning plats and certificates of survey made under claims derived from the laws of Virginia. The act of 1811, (*supra*,) was passed for this purpose, and is the last general act upon this subject. It allowed the further time of two years from the first day of March, 1810. And by the fourth section thereof it was enacted, that as to all plats and certificates of surveys, not returned to the Register's Office within the time therein limited, the lands described in such surveys should be forfeited to the Commonwealth, and remain for the future disposition of the Legislature.

The object of the third section of the act of 1811, was evidently to secure to claims derived from the laws of Virginia, notwithstanding the failure to return the plats and certificates of survey within the time prescribed by law, that priority to which they had been previously entitled. And to attain that object more effectually, it declared utterly null and void, all entries, surveys or grants interfering with such claims, founded on any of the laws of this Commonwealth. But the Legislature could not have intended to extend to such claims this protection for a longer period of time than was given by the act itself, to carry them into grant. Where grants had been procured, or should be afterwards obtained in pursuance of the statute, it operated in their favor, and secured them against all interfering

WHITLEY
*vs*
BRAMBLE.

The statute of 1797, (1 *Statute Law*, 911,) was the last act of the Legislature of Ky., extending the time of surveying claims derived from the State of Va., and a failure to return a survey according to the provisions of that act resulted in a forfeiture of the lands.

claims derived from the laws of this State. But where
the claim became invalid by a failure to return the plat
and certificate of survey within the limited time, the
act itself declared the land forfeited; and the third sec-
tion of the statute in such cases, had no application, and
afforded no further protection to the lifeless claim.

Russell's survey was made in time, but the plat and
certificate thereof not having been returned to the
proper office in the time prescribed by law, all right to
the land described in it, was forfeited to the Common-
wealth. Unless,therefore, the act of 1835, (supra,)
under the provisions of which the lessor of the plaintiff
obtained his grant, prohibited the appropriation of land
thus forfeited to the Commonwealth, it is manifest that
his grant is not void on this ground.

The act of 1835 provides that no location of land
made under its provisions shall interfere with appropri-
ations of vacant land already made by law, for the im-
provement of roads, rivers or bridges, although such
appropriations may not be carried into grant at the time
the act is to take effect, and further, that the act shall
not be construed to apply to any lands stricken off to
the State for non-payment of taxes, or forfeited for non-
entry for taxation, and then concludes with the provi-
sion before cited, that "any survey or patent made or
issued under this act, which interferes with any survey
or patent heretofore made or issued, shall be null and
void.

The question is, what surveys are here referred to?
Did the Legislature intend such surveys as had been
forfeited by a failure to return the plats and certificates
within the time limited by law? Or did it intend such
surveys only as by the then existing laws, might still be
carried into grant? No reason can be suggested why
the Legislature should have extended protection to
claims that were invalid, which in reality had no exis-
tence. But the uniform course of Legislation in this
State had been, in passing laws for the appropriation of
its vacant lands, to provide against the interference of
such appropriations with those which had been previ-
ously authorized by law. The Legislature, therefore,

Neither the stat.
of 1835, (3 Stat.
Law, 386,) nor
that of 1811, (1
Stat. Law, 915,)
afford any pro-
tection to a
survey upon a
Virginia Treasu-
ry warrant made
in 1789, but nev-
er returned to
the Register's
office.

in the act of 1835, prohibited any appropriation of lands which would interfere with surveys previously made, and which, according to existing laws, might still be carried into grant. This is the only rational construction of the provision in question, for it would be preposterous to suppose the Legislature intended to embrace surveys, which for many years, had been lifeless, and included lands which had been long since forfeited to the Commonwealth.

The act, although it prohibits the appropriation of land in certain enumerated cases, contains no prohibition which embraces lands which had been forfeited by a failure to return the plats and certificates of survey within the prescribed time.

The Court was, therefore, right in refusing to give to the jury the instruction moved for by the defendant, in reference to the effect of the survey in the name of Russell, on the grant obtained by the lessor of the plaintiff.

But the demise in the declaration is alleged to have been made on the 1st January, 1835. The patent under which the lessor of the plaintiff derives title, is dated the 4th December, 1845. He had no title, therefore, at the date of the demise. It is well settled, that to authorize a recovery in ejectment, the lessor must have had title at the time the demise is alleged to have been made: (3 *Bibb*, 297; 3 *Marshall*, 134.) It results, therefore, that the verdict of the jury in favor of the plaintiff, was not sustained by the evidence, and that the Court erred in overruling the defendant's motion for a new trial.

Wherefore, the judgment is reversed and cause remanded for a new trial, (the plaintiff to be permitted to amend his declaration so as to make the demise subsequent to the date of his title,) and for further proceedings consistent with this opinion.

*J. Trimble* for plaintiff; *Curry* for defendant.

WHITTLEY
*vs*
BRAMBLE.

Unless the lessor have title at the date of the demise in the declaration, the plaintiff cannot recover.